UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

| | |
|---|---|
| ALEXANDRU PLACINTA and ARTEM STRELCHUK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>GRAZINA PILKA, INC. d/b/a TATIANA RESTAURANT and/or 3152 RESTAURANT, INC. and/or BRIGHTON SEA BREEZE REST. INC., ON THE BOARDWALK CAFE, INC. and/or BRIGHTON SEA BREEZE CAFÉ, INC. and/or GRAZINA 888, INC. d/b/a TATIANA GRILL CAFE, FL TATIANA CLUB-RESTAURANT, INC. and/or TATIANA RESTAURANT & NIGHT CLUB, TATIANA VARZAR, MICHEAL VARZAR, and KARINA ITSKOVICH, and and/or other entities affiliated or controlled by 3152 RESTAURANT, INC. and/or BRIGHTON SEA BREEZE REST. INC. and/or GRAZINA PILKA, INC. d/b/a TATIANA RESTAURANT, ON THE BOARDWALK CAFE, INC. and/or BRIGHTON SEA BREEZE CAFÉ, INC. and/or GRAZINA 888, INC. d/b/a TATIANA GRILL CAFE, FL TATIANA CLUB-RESTAURANT, INC. and/or TATIANA RESTAURANT & NIGHT CLUB and TATIANA VARZAR, MICHEAL VARZAR and/or KARINA ITSKOVICH, individually,<br><br>Defendants. | Index No.: 16-cv-4272<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL** |

Plaintiffs, by their attorneys Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-1.2, 146-1.3, 146-1.4, 146-1.6, 146-2.2, 146-2.3, 146-2.9; on behalf of Named Plaintiffs and a putative class of individuals who furnished labor to Defendants

1

3152 RESTAURANT, INC. and/or BRIGHTON SEA BREEZE REST. INC. and/or GRAZINA PILKA, INC. d/b/a TATIANA RESTAURANT ("Tatiana Restaurant"), ON THE BOARDWALK CAFE, INC. and/or BRIGHTON SEA BREEZE CAFÉ, INC. and/or GRAZINA 888, INC. d/b/a TATIANA GRILL CAFE ("Tatiana Cafe"), FL TATIANA CLUB-RESTAURANT, INC. and/or TATIANA RESTAURANT & NIGHT CLUB ("Tatiana Miami") (collectively as "Defendant Restaurants"), TATIANA VARZAR, MICHEAL VARZAR, and KARINA ITSKOVICH (collectively "Individual Defendants"), and and/or other entities affiliated or controlled by Defendant Restaurants and/or the Individual Defendants (Individual Defendants and Defendant Restaurants, all collectively referred to as "Defendants"), individually, to recover unpaid minimum wages, overtime wages, "spread of hours" compensation, and unpaid tips and gratuities for work performed on behalf of Defendants by Named Plaintiffs and other members of the putative class.

2.      Defendants operate three restaurants known as Tatiana Restaurant, Tatiana Café, and Tatiana Miami which are businesses engaged in the food service, catering and restaurant industry.

3.      Beginning in approximately July 2010 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay the Named Plaintiffs and other members of the putative class (collectively "Plaintiffs") earned minimum wages for work they performed on behalf of Defendants.

4.      Beginning in approximately July 2010 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring Plaintiffs to regularly work in excess of forty (40) hours per week, without

providing overtime compensation as required by applicable federal and state law.

5.      Beginning in approximately July 2010 and, upon information and belief, continuing through the present, Defendants engaged in a policy and practice of requiring Plaintiffs to regularly work over ten (10) hours per day without providing "spread of hours" compensation, as required by applicable New York State law.

6.      Beginning in approximately July 2010 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of unlawfully retaining Plaintiffs' tips.

7.      Beginning in approximately July 2010, and upon information and belief, until the present, Defendants charged customers a gratuity on all bills and catered events.

8.      Beginning in approximately July 2010, and upon information and belief, until the present, Defendants engaged in a policy and practice of failing to properly remit the entire gratuity to Plaintiffs, in violation of NYLL Article 6 § 196-d and the cases interpreting the same.

9.      Under the direction of Tatiana Varzar, Micheal Varzar, and Karina Itskovich, Defendants instituted the practice of depriving their employees of minimum wages, overtime wages, spread of hours compensation and failing to remit all tips and gratuities as required by federal and state law.

10.      Defendants failed to provide proper wage notices and wage statements to Plaintiffs in violation of state law.

11.      Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum and overtime compensation, "spread of hours" compensation, and unpaid tips and gratuities

that they were deprived of, as well as damages for Defendants' failure to provide Plaintiffs with wage notices and wage statements, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

12.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

13.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

14.     The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violations is three (3) years.

15.     The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

16.     Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

17.     Named Plaintiff Alexandru Placinta is an individual and resident of Hallandale, Florida.  Copies of Named Plaintiff Placinta's Consent to Join Collective Action for Unpaid Wages forms are attached hereto as Exhibit A.

18.     Named Plaintiff Artem Strelchuk is an individual and resident of Brooklyn, New York.  A copy of Named Plaintiff Strelchuk's Consent to Join Collective Action for Unpaid Wages form is attached hereto as Exhibit B.

19.     Defendant 3152 Restaurant, Inc. d/b/a Tatiana Restaurant is a domestic

business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 3152 Brighton 6th Street, Brooklyn, New York, 11235, and is engaged in the restaurant and catering business.

20.    Defendant Brighton Sea Breeze Rest. Inc. d/b/a Tatiana Restaurant is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 3152 Brighton 6th Street, Brooklyn, New York, 11235, and is engaged in the restaurant and catering business.

21.    Defendant Grazina Pilka, Inc. d/b/a Tatiana Restaurant is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 3152 Brighton 6th Street, Brooklyn, New York, 11235, and is engaged in the restaurant and catering business.

22.    Defendant On the Boardwalk Café, Inc. d/b/a Tatiana Grill Cafe is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 3145 Brighton 4th Street, Brooklyn, New York, 11235, and is engaged in the restaurant and catering business.

23.    Defendant Brighton Sea Breeze Café, Inc. d/b/a Tatiana Grill Cafe is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 3145 Brighton 4th Street, Brooklyn, New York, 11235, and is engaged in the restaurant and

catering business.

24.     Defendant Grazina 888, Inc. d/b/a Tatiana Grill Cafe is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 3145 Brighton 4th Street, Brooklyn, New York, 11235 and is engaged in the restaurant and catering business.

25.     Defendant FL Tatiana Club-Restaurant, Inc. is a foreign business corporation organized and existing under the laws of Florida and authorized to do business in Florida, with its principle place of business at 1710 East Hallandale Beach Boulevard, Hallandale, Florida 33009 and is engaged in the restaurant and catering business.

26.     Defendant Tatiana Restaurant & Night Club, Inc. is a foreign business corporation organized and existing under the laws of Florida and authorized to do business in Florida, with its principle place of business at 1710 East Hallandale Beach Boulevard, Hallandale, Florida 33009 and is engaged in the restaurant and catering business.

27.     Defendant Tatiana Varzar is a resident of the State of New York residing at 3152 Brighton 6th Street, Brooklyn, New York, 11235 and 3145 Brighton 4th Street, Brooklyn, New York, 11235, and at all relevant times was an officer, director, and/or owner of Defendant Restaurants.

28.     Defendant Michael Varzar is a resident of the State of New York residing at 3152 Brighton 6th Street, Brooklyn, New York, 11235, and at all relevant times was an officer, director, and/or owner of Defendant Restaurants.

29.     Defendant Karina Itskovich, formally known as Karina Varzar, is a resident of the State of New York residing at 3145 Brighton 4th Street, Brooklyn, New York, 11235, and at all relevant times was an officer, director, and/or owner of Tatiana Cafe and Tatiana Miami.

30.     Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

31.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

32.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

33.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as bus persons, waiters, captains, food runners, bartenders and all other employees who regularly and customarily receive tips.

34.     Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay minimum wages, overtime wages, and unlawfully retaining employees' tips.

35.     The putative class is so numerous that joinder of all members is impracticable.  The size of the putative class is believed to be in excess of 100 employees.  In addition, the names of all potential members of the putative class are not

known.

36.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay the minimum wage for all hours worked; (2) whether Defendants failed to pay overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week; (3) whether the Defendants failed to pay "spread of hours" compensation; (4) whether Defendants charged customers a gratuity on all bills and catered events; (5) whether Defendants and/or their agent(s) unlawfully retained employees' tips; (6) whether Defendants had a policy of requiring tipped employees to performed Non-Tipped Work for a minimum of 2 hours or more a day and/or for more than twenty percent (20%) of their time at work; and (7) whether Defendants failed to provide Plaintiffs with proper wage notices and wage statements during the time of their employment.

37.     The claims of the Named Plaintiffs are typical of the claims of the putative class members.  Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of failing to pay minimum wages, overtime compensation, and unlawfully retaining the tips and gratuities of employees.

38.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.  Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiffs and putative

8

class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

40.    Named Plaintiff Placinta worked for Defendants as a server at Tatiana Restaurant and at catered events from approximately April 2011 through November 2015.

41.    Additionally, Named Plaintiff Placinta worked for Defendants as a server at Tatiana Miami and catered events from approximately November 2015 through March 2016.

42.    Named Plaintiff Placinta typically worked as a server 5 to 6 days a week from April 2011 to October 2013, 3 to 4 days a week from October 2013 to November 2015, and 3 to 5 days a week from November 2015 to March 2016.  Named Plaintiff Placinta generally worked approximately 14 to 16 hours a day, and more than 40 hours each week.

43.    During Named Plaintiff Placinta's entire employment with Defendants, Named Plaintiff Placinta was not paid any hourly wages or overtime for the hours that he worked, and was permitted to keep only a portion of his earned tips.

44.    Named Plaintiff Strelchuk was employed by Defendants as a server at Tatiana Cafe from approximately April 2012 through October 2012 and again from April 2013 through October 2013.

45.    Named Plaintiff Strelchuk typically worked as a server approximately 14 to 16 hours a day, 5 to 6 days a week.  Named Plaintiff Strelchuk generally worked more

than 40 hours each week.

46.     During Named Plaintiff Strelchuk's employment with Defendants, Named Plaintiff Strelchuk was not paid any hourly wages or overtime for the hours that he worked, and was permitted to keep only a portion of his earned tips.

47.     During their employment, Plaintiffs were required once a week to participate in what Defendants called a "sanitation day" at the Defendant Restaurants.

48.     During Sanitation Day, Plaintiffs were required to perform work such as cleaning walls and tables, cleaning silverware, washing and cleaning plates and glasses, sweeping and mopping floors, setting up tables and chairs, folding napkins, cleaning basement, cleaning aquariums, performing maintenance, delivering items to storage, buying supplies, taking out garbage, and hanging decorations for holiday parties ("Non-Tipped Work").  Plaintiffs performed this Non-Tipped Work for a minimum of 2 to 4 hours without being paid any compensation for the work performed.

49.     Additionally, upon information and belief, Plaintiffs performed Non-Tipped Work for approximately 2 to 4 hours of each shift they worked, generally amounting to more than twenty percent (20%) of Plaintiffs' time at work, without receiving any hourly wage compensation.

50.     Plaintiffs were required to collectively pay approximately $5.00 - $10.00 of their earned tips per day to security staff at the Defendants' Restaurants.

51.     Plaintiffs were required to pay approximately $6 of their earned tips per day to staff who peeled potatoes at the Defendants' Restaurants.

52.     Like Named Plaintiffs, the members of the putative class were not paid any hourly wages or overtime for the hours that they worked for Defendants, and were

permitted to keep only a portion of their earned tips.

53.     Like Named Plaintiffs, the members of the putative class never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours.

54.     Like Named Plaintiffs, the members of the putative class were required to perform Non-Tipped Work for a minimum of 2 to 4 hours on Sanitation day, without being paid any compensation for the work performed.

55.     Like Named Plaintiffs, the members of the putative class performed Non-Tipped Work for approximately 2 to 4 hours of each shift they worked, generally amounting to more than twenty percent (20%) of their time at work, without receiving any hourly wage compensation.

56.     Defendants engaged in a regular pattern and practice of requiring Plaintiffs to perform Non-Tipped Work for more than 2 hours and/or more than twenty percent (20%) of their work time, and therefore were ineligible under federal and/or state law to take a "tip-credit" and pay Plaintiffs less than the minimum wage for non-tipped employees for straight time hours and for overtime hours that Plaintiffs worked.

57.     Like Named Plaintiffs, the members of the putative class were required to pay approximately $6 of their earned tips per day to staff who peeled potatoes and approximately $5.00 - $10.00 of their earned tips per day to security staff at the Defendants' Restaurants.

58.     Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, Defendants constitute an "enterprise engaged in commerce."

59.     Defendants constitute employers within the meaning contemplated in the

11

FLSA, 29 U.S.C. § 203(d).

60.     Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

61.     Plaintiffs are employees, within the meaning contemplated in FLSA, 29 U.S.C. §203(e).

62.     Plaintiffs are employees, within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

63.     The payments made by Defendants to Plaintiffs, and gratuities received by Plaintiffs constitute "wages."

64.     Defendants charged customers a gratuity on all bills and catered events.

65.     Upon information and belief, Defendants personally retained part of this gratuity.

66.     Plaintiffs participated in a tip pool.

67.     Defendants Tatiana Varzar, Micheal Varzar, and/or Karina Itskovich regularly received a partial share of tips from the pool.

68.     Defendants Tatiana Varzar, Micheal Varzar, and Karina Itskovich were not employees who customarily and regularly receive tips.

69.     Defendants never provided Plaintiffs with any wage notices during their time of employment in violation of NYLL § 195(1) and §§ 198-1(b)

70.     Defendants never provided Plaintiffs with any wage statements or pay stubs during their time of employment in violation of NYLL §§ 195(3) and 198-1(d) and

12 NYCRR § 146-2.2 and 2.3.

71.     Tatiana Varzar, Micheal Varzar, and Karina Itskovich were employers as that term is defined by the FLSA and case law interpreting same.

72.     Upon information and belief, husband and wife, Tatiana Varzar and Micheal Varzar, and their daughter, Karina Itskovich, formally known as Karina Varzar, are officers, directors, and/or owners of Defendant Restaurants, and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment for employees, and (4) maintained employment records.

73.     Upon information and belief, Tatiana Varzar, Micheal Varzar, and Karina Itskovich are the principle and owners of Defendant Restaurants, dominated the day-to-day operating decisions of Defendant Restaurants, and made major personnel decisions for Defendant Restaurants.

74.     Upon information and belief, Defendant Tatiana Varzar, Micheal Varzar, and Karina Itskovich were owners, supervisors, officers and/or agents of Defendant Restaurants, who acted directly or indirectly in the interest of Defendant Restaurants, and were employers within the meaning of the FLSA.

75.     Upon information and belief, Defendants Tatiana Varzar, Michael Varzar, and Karina Itskovich, incorporated and operated several different successor companies for each one of the Defendant Restaurant locations.

76.     Upon information and belief, Defendants Tatiana Varzar and Michael Varzar, first incorporated Tatiana Restaurant as 3152 Restaurant, Inc. ("3152 Restaurant") in 2000.

77.     Upon information and belief, Defendants Tatiana Varzar and Michael Varzar, created and operate at least two successor corporations to 3152 Restaurant, called Brighton Sea Breeze Rest. Inc. ("Breeze Restaurant") and Grazina Pilka, Inc. ("Grazina"), in 2010 and 2015, respectively.

78.     Upon information and belief, Tatiana Restaurant currently conducts business under the latest corporate entity name, Grazina.

79.     Upon information and belief, Grazina is a veiled continuation of Breeze Restaurant, and Breeze Restaurant is a veiled continuance of 3152 Restaurant, which is/was doing business as Tatiana Restaurant.

80.     Upon information and belief, Grazina and Breeze Restaurant are/were merely a technical change of operations of 3152 Restaurant.

81.     Upon information and belief, Grazina, Breeze Restaurant and 3152 Restaurant are successors and/or predecessors of each other.

82.     Upon information and belief, Defendants Tatiana Varzar and Michael Varzar, first incorporated Tatiana Cafe as On The Boardwalk Cafe, Inc. ("Boardwalk Cafe") in 2000.

83.     Upon information and belief, Defendants Tatiana Varzar, Michael Varzar and Karina Itskovich, created at least two successor corporations to Boardwalk Cafe, called Brighton Sea Breeze Cafe, Inc. ("Breeze Café") and/or Grazina 888, Inc. ("Grazina 888"), in 2010 and 2015, respectively.

84.     Upon information and belief, Tatiana Cafe currently conducts business under the latest corporate entity name, Grazina 888.

85.     Upon information and belief, Grazina 888 is a veiled continuation of

Breeze Cafe, and Breeze Cafe is a veiled continuance of Boardwalk Cafe, which is/was doing business as Tatiana Cafe.

86.     Upon information and belief, Grazina 888 and Breeze Cafe are/were merely a technical change of operations of Boardwalk Café.

87.     Upon information and belief, Grazina 888, Breeze Cafe and Boardwalk Cafe are successors and/or predecessors of each other.

88.     Upon information and belief, Defendants Tatiana Varzar, Michael Varzar, and Karina Itskovich also created and operate FL Tatiana Club-Restaurant, Inc. ("FL Tatiana") and/or Tatiana Restaurant & Night Club ("Tatiana Night Club"), both of which operate/operated as Tatiana Miami.

89.     Upon information and belief, Tatiana Night Club is a veiled continuation of FL Tatiana, which is/was doing business as Tatiana Miami.

90.     Upon information and belief, Tatiana Night Club is/was merely a technical change of operations of FL Tatiana.

91.     Upon information and belief, Tatiana Night Club and FL Tatiana are successors and/or predecessors of each other.

**FIRST CAUSE OF ACTION:**
**FLSA - MINIMUM WAGE COMPENSATION**

92.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

93.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in

this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour,** beginning 24 months after that 60th day."

94.     Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

95.     Defendants required Plaintiffs to share their tips with them, the restaurant owners, as well as other of Defendants' employees who do not "customarily and regularly receive tips."

96.     Defendants failed to pay Plaintiffs all earned minimum wages for the time they worked for Defendants in any given week.

97.     The failure of Defendants to pay Plaintiffs their rightfully owed wages was willful.

98.     By the foregoing reasons, Defendants are liable to in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION:
## FLSA - OVERTIME COMPENSATION

99.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

100.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise

engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

101.    Upon information and belief, Defendants failed to pay Plaintiffs all earned overtime wages, at the rate of one and one half times the regular non-tip credit rate of pay, for the time in which they worked after the first forty hours in any given week.

102.    The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

103.    By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION:**
**NEW YORK - FAILURE TO PAY WAGES**

104.    Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

105.    Pursuant to Article Six of the NYLL, workers such as Plaintiffs are protected from wage underpayments and improper employment practices.

106.    Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

107.    As persons employed for hire by Defendants, Plaintiffs are "employees," as understood in Labor Law § 190.

108.    Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any

17

occupation, industry, trade, business or service."

109.   As entities that hired Plaintiffs, Defendants are "employers."

110.   Upon information and belief, pursuant to NYLL § 190 and the cases interpreting same, Tatiana Varzar, Micheal Varzar, and Karina Itskovich are each considered an "employer".

111.   Plaintiffs wage rate and/or overtime compensation rate was within the meaning of NYLL §§ 190, 191.

112.   Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

113.   In failing to pay Plaintiffs proper wages and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs all of their wages earned within the week such wages were due.

114.   Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs that is not otherwise authorized by law or by the employee.

115.   By withholding wages, and overtime compensation from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

116.   Upon information and belief, Defendants' failure to pay Plaintiffs wages and overtime compensation every week was willful.

117.   By the foregoing reasons, Defendants have violated NYLL § 198 and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages,

interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
## NEW YORK - MINIMUM WAGE COMPENSATION

118.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

119.    New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. See 12 NYCRR §§ 146-1.2, 146-1.3.

120.    12 NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate . . . shall be: (1) $ 7.25 per hour on and after January 1, 2011; (2) $ 8.00 per hour on and after December 31, 2013; (3) $ 8.75 per hour on and after December 31, 2014; (4) $ 9.00 per hour on and after December 31, 2015. . . . (d) If a higher wage is established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions, such wage shall apply."

121.    12 NYCRR § 146-1.3 states that "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2."  Over the course of the relevant period, a food service worker must have received a wage rate ranging from $5.00 per hour through $7.50 per hour depending on the year, provided that the total of tips received plus the wages equaled or exceeded $7.25, $8.00, $8.75, or $9.00 per hour.  See 12 NYCRR § 146-1.3(b).

122.    12 NYCRR § 146-2.9 states that "[o]n any day that a service employee or food service worker works at a non-tipped occupation (a) for two hours or more, or (b) for more than 20 percent of his or her shift, whichever is less, the wages of the employees shall be subject to no tip credit for that day . . ."

19

123.    NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

124.    Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

125.    As persons employed for hire by Defendants, the Plaintiffs were "employee[s]," as understood in NYLL § 651.

126.    Pursuant to NYLL § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

127.    As entities and persons that hired Plaintiffs, Defendants constitute "employers."

128.    Upon information and belief, Plaintiffs worked at a non-tipped occupation for more than 2 hours a day and/or more than twenty percent (20%) of their shifts, and Defendants were ineligible to take "tip-credit" and pay employees less than the minim wage for non-tipped employees pursuant to 12 NYCRR §§ 146-2.9.

129.    Upon information and belief, Defendants failed to pay Plaintiffs minimum wages for all hours worked, in violation of Title 12 NYCRR §§ 146-1.2, 146-1.3, and NYLL § 663.

130.    Upon information and belief, Defendants' failure to pay Plaintiffs minimum wages was willful.

131.    By the foregoing reasons, Defendants have violated 12 NYCRR §§ 146-

1.2, 146-1.3, and NYLL § 663, and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION:**
**NEW YORK- OVERTIME COMPENSATION**

132.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

133.    New York State law mandates that employers pay their employees one and one-half times the ordinary minimum wage rate for any hours over forty that they work per week. See 12 NYCRR § 146-1.4.

134.    12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of forty 40 hours in one workweek.  When an employer is taking a credit toward the basic minimum hourly rate pursuant to section 146-1.3 of this Subpart, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit . . ."

135.    Plaintiffs regularly worked more than forty 40 hours a week while working for Defendants.

136.    Upon information and belief, Defendants were not eligible to take "tip-credit" against the minimum wage and overtime rates of pay, pursuant 12 NYCRR §§ 146-2.9.

137.    Defendants failed to pay Plaintiffs overtime wages for all hours worked over forty 40 in any given week, in violation of 12 NYCRR § 146-1.4 and NYLL § 663.

138.    Upon information and belief, Defendants' failure to pay Plaintiffs their earned overtime wages was willful.

139.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL § 663, and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION:
## NEW YORK –SPREAD OF HOURS COMPENSATION

140.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

141.     Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

142.     Defendants failed to pay Plaintiffs "spread of hours" compensation.

143.     Upon information and belief, Defendants' failure to pay "spread of hours" compensation was willful.

144.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION:
## NYLL § 196-d

145.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

146.     Gratuities provided by Defendants' patrons to Plaintiffs constitute "wages" as that term is defined under Article 6 of the NYLL, specifically including but not limited to NYLL §§ 193, 196-d, 198(3).

147.     Pursuant to NYLL § 196-d, "No employer or his agent or an officer or

agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

148.     By improperly retaining the gratuities of Plaintiffs, Defendants violated NYLL § 196-d.

149.     Upon information and belief, Defendants' improper retention of gratuities earned by Plaintiffs was willful.

150.     By the foregoing reasons, Defendants have violated NYLL § 190 et seq. and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### EIGHTH CAUSE OF ACTION:
### NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES

151.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

152.     Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

153.    Plaintiffs did not receive any wage notices during their employment with Defendants.

154.    Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

155.    According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $2500, together with costs and reasonable attorney's fees..

156.    By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**<u>NEW YORK - FAILURE TO PROVIDE WAGE STATEMENTS</u>**

157.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

158.    Pursuant to NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if

24

different, the employer's mailing address ; and the employer's telephone number.

159.    According to NYLL § 198-1(d), Plaintiffs are entitled to $100 for every week in which they did not receive a pay stub and/or wage statement, or a total of $2500, together with costs and reasonable attorney's fees..

160.    Plaintiffs did not receive paystubs each week that they worked.

161.    By the foregoing reasons, Defendants have violated NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### TENTH CAUSE OF ACTION
### <u>SUCCESSOR LIABILITY</u>

162.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

163.    At relevant times, Grazina and Breeze Restaurant were/are successors of 3152 Restaurant.

164.    As a successors and/or predecessors of each other, 3152 Restaurant, Breeze Restaurant and Grazina are jointly and severally liable to Plaintiffs for the liabilities and/or obligations of each other stemming from the facts alleged in this Complaint.

165.    Therefore, 3152 Restaurant, Breeze Restaurant and Grazina are jointly and severally liable for all debts owed to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### ELEVENTH CAUSE OF ACTION:
### <u>SUCCESSOR LIABILITY</u>

166.    Plaintiffs reallege and incorporate by reference all the allegations set forth

above.

167.    At relevant times, Grazina 888 and Breeze Cafe were/are successors of Boardwalk Cafe.

168.    As a successors and/or predecessors of each other, Boardwalk Cafe, Breeze Cafe and Grazina 888 are jointly and severally liable to Plaintiffs for the liabilities and/or obligations of each other stemming from the facts alleged in this Complaint.

169.    Therefore, Boardwalk Cafe, Breeze Cafe and Grazina 888 are jointly and severally liable for all debts owed to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**TWELFTH OF ACTION:**
**SUCCESSOR LIABILITY**

170.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

171.    At relevant times, Tatiana Night Club and FL Tatiana were/are successors and/or predecessors of each other.

172.    As a successors and/or predecessors of each other, Tatiana Night Club and FL Tatiana are jointly and severally liable to Plaintiffs for the liabilities and/or obligations of each other stemming from the facts alleged in this Complaint.

173.    Therefore, Tatiana Night Club and FL Tatiana are jointly and severally liable for all debts owed to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated demand judgment:

(1)    on their first cause of action against Defendants, in an amount to be

determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2)     on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)     on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4)     on their fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5)     on their fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6)     on their sixth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(7)     on their seventh cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(8)     on their eight cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(9)     on their ninth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(10)     on their tenth cause of action against Defendants 3152 Restaurant, Breeze Restaurant and Grazina, jointly and severally, as successor and/or predecessors of each other, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections.

(11)     on eleventh cause of action against Defendants Boardwalk Cafe, Breeze Cafe and Grazina 888, jointly and severally, as successor and/or predecessors of each other, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections.

(12)     on their twelfth cause of action against Defendants Tatiana Night Club and FL Tatiana, jointly and severally, as successor and/or predecessors of each other, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections.

(13)     whatever other and further relief the Court may deem appropriate.

Dated:  New York, New York
       August 1, 2016

                                 VIRGINIA & AMBINDER, LLP

                 By:        s/LaDonna M. Lusher
                      LaDonna M. Lusher, Esq.
                      Milana Dostanitch, Esq.
                      VIRGINIA & AMBINDER, LLP
                      40 Broad Street, Seventh Floor
                      New York, New York 10004
                      Tel:   (212) 943-9080
                      Fax:   (212) 943-9082
                      llusher@vandallp.com

                      *Attorneys for the Plaintiffs and the Putative Class*