# GABOR & MAROTTA LLC



**1878 VICTORY BOULEVARD**
**STATEN ISLAND, NY 10314**
TEL: (718) 390-0555
FAX: (718) 390-9886

ATTORNEYS AT LAW

RICHARD M. GABOR
DANIEL C. MAROTTA *

ILYSSA GABOR FLORIO *
STEPHANIE S. COMAS *
JAIME GABOR **
CHRISTOPHER COLON ***
HON. MATTHEW J. TITONE

August 31, 2017

* ADMITTED NEW YORK and NEW JERSEY
** ADMITTED NEW YORK, NEW JERSEY and FLORIDA
*** OF COUNSEL ADMITTED NEW YORK and ILLINOIS

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Case Name:    Alexandru Placinta and Artem Strelchuk, individually and on behalf of
all other persons situated v. Grazina Pilka, Inc. d/b/a Tatiana Restaurant, et al.

Case Number: 1:16-cv-04272-KAM-VMS

Dear Judge Matsumoto:

I write in response to the request for a pre-motion conference filed by the Plaintiffs. I am confused with respect thereto, as there was an agreement made with Plaintiffs' counsel before the Honorable Magistrate Vera M. Scanlon, that the Defendants' motion to dismiss for lack of jurisdiction on behalf of the Florida entity 1710 Rest, Inc. would be briefed and decided prior to engaging in any motions for certification. In exchange, I agreed to again extend the tolling of the statute of limitations. The Florida entity should not have to bear the cost of defending certification motions. We had agreed to complete jurisdictional discovery before asserting the motion to dismiss for lack of personal jurisdiction, all of which has been completed. In fact, a pre-motion conference has already been scheduled with respect to Defendants' motion to dismiss on September 5, 2017.

Irregardless, certification is not appropriate in this action, as Plaintiffs cannot demonstrate that any potential class members are "similarly situated" beyond the mere unsubstantiated allegations of the Complaint. The Plaintiff, Alexandru Placinta, and a certain Mr. Aleksander Zhumedenko, worked for Tatiana Restaurant in New York, previously owned by the Defendant 3152 Restaurant, Inc. and now owned by the Defendant Grazina Pilka, Inc. Plaintiff and Mr. Zhumedenko were head waiters, in a class by themselves, as they were in charge of closing the restaurant on certain days divided between them, and they had a unique work schedule and salary arrangements, that were different from other employees. Mr. Zhumedenko initially filed an opt-in notice, and shortly thereafter withdrew his notice. There is no other employee similarly situated.

At Tatiana Restaurant the wait staff was divided in two groups, an inside group and an outside group. Many waiters worked the outdoor tables with entirely different schedules and work hours, while Placinta worked indoors, where waiters wore a more formal uniform, and worked largely on weekends. Most waiters have worked at Tatiana Restaurant for many, many years, and there has been little turn over. The chef and kitchen staff are paid differently than the wait staff.

Plaintiff Artem Strelchuk alleges he worked for Tatiana Grill from April through October in 2012 and 2013. Tatiana Grill is located down the block from Tatiana Restaurant, separately owned and operated, with a separate kitchen, separate wait staff, different bartenders, different managers, different menu, and different hours and schedules. Defendants' payroll records do not identify Mr. Strelchuk, and Defendants maintain that he was not an employee.

In any event, as stated at a deposition by a bookkeeper who has been in charge of payroll for both New York restaurants at one time or another, no employee at either New York restaurant has worked any overtime hours. Both Tatiana Restaurant and Tatiana Grill were initially created by the individual Defendant Tatiana Varzar, and then sold in May 2015. Plaintiff took the deposition of Lev Blinder, a former manager of Tatiana Restaurant that has been involved for almost fifteen years, who explicitly confirmed that there has been a long-standing rule that no employee was allowed to work more than 40 hours per week. In fact, most worked significantly less, typically 3-4 days per week, with the staff rotating the schedules. Defendants' payroll records support this assertion.

Conditional certification requires that plaintiffs demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Levinson v. Primedia, Inc. No. 02 Civ. 2222, 2003 U.S. Dist. LEXIS 200010 (S.D.N.Y. Nov. 6, 2003) (denying conditional collective action certification). Here, there is no common policy of plan that aggrieved Plaintiff Placinta or any other employee. Courts have consistently held that it is plaintiff's burden to demonstrate that other individuals are "similarly situated" to them by presenting some factual showing beyond mere allegations of a potential class. Prizmic v. Armour Inc., 05-CV-2503, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006). See Mata v. Foodbridge 2015 WL 3457293 (S.D.N.Y. June 1, 2015) (denying conditional certification where Plaintiff's affidavit included no concrete facts evidencing a common scheme or plan); Guan Ming Lin v. Benihana Nat'l Corp. 755 F. Supp. 2d 504 (S.D.N.Y. 2010) (denying conditional certification due to lack of factual allegations showing other employees similarly situated); Qing Gu v. T.C. Chikurin, Inc., 2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification, as Plaintiff must offer "actual evidence of a factual nexus" between his own experience and the experiences of those he claims as "similarly situated," rather than "mere conclusory allegations").

We also articulated clear reasons against certification in a prior letter to Your Honor dated Oct 13, 2016. At this juncture, we request that the Defendants' motion to dismiss for lack of jurisdiction as to the Florida entity be briefed and disposed of as a preliminary matter, before turning to the issue of certification. In that event, we would agree to further toll the statute of limitations for putative class members.

Plainitffs indicate in their letter that they seek class action status under New York State law, with no mention of Florida law.  It is respectfully submitted that this course of action is the most efficient, and was previously agreed to.


Respectfully Submitted,

_____/s/_____

Daniel C. Marotta